123 Tex.Cr.R. 583, 60 S.W.(2d) 436; Hays v. State, 90 Tex.Cr.R. 192, 236 S.W. 463.

It occurs to us that legal propositions advanced by appellant in his objections to the court's charge were rights to which the appellant was entitled, but were not accorded to him by the court in his instruction to the jury. Hence, it is apparent that the court committed reversible error. The other matters complained of do not disclose any error.

It is, therefore, ordered that the judgment of the trial court be, and the same is, reversed and remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

The indictment appears regular and regularly presented. The record is before this court without statement of facts and bills of exception.

The judgment and sentence fail to take note of the Indeterminate Sentence Law, under the terms of which the appellant should be condemned to suffer confinement in the penitentiary for a period of not less than two nor more than ten years. See article 775, C.C.P., as amended by Acts 1931, c. 207, §.1 (Vernon's Ann.C. C.P. art. 775).

As reformed, the judgment is affirmed.

MORROW, Presiding Judge.

The offense is assault with intent to murder; penalty assessed at confinement in the penitentiary for ten years.